E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
K. AFIA BONDERO (Cal. Bar No. 318763)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2435
    Facsimile: (213) 894-6269
    E-mail:    Afia.Bondero@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**FILED**
CLERK, U.S. DISTRICT COURT

2/7/2024

**CENTRAL DISTRICT OF CALIFORNIA**
BY: ___CDO___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR  2:24-cr-00081-JC |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT TENAJ TAYLOR |
| v. | |
| TENAJ TAYLOR, | |
| Defendant. | |

1.    This constitutes the plea agreement between TENAJ TAYLOR ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the investigation of obstruction of the mails.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.    Defendant agrees to:

        a.    At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to the single-count information in the form attached to this agreement as Exhibit A or a

substantially similar form, which charges defendant with Obstruction of the Mails, in violation of Title 18, United States Code, Section 1701, a Class B misdemeanor.

        b.   Not contest facts agreed to in this agreement.

        c.   Abide by all agreements regarding sentencing contained in this agreement.

        d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

        e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

        f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

        g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

        h.   Agree to and not oppose the imposition of the following conditions of probation or supervised release:

        i.   Not seek employment with the United States Postal Service, and/or with any and all other competitive mail couriers, including, but not limited to, FedEx, United Parcel Service ("UPS"), or DHL (each a "mail courier business").

THE USAO'S OBLIGATIONS

3.   The USAO agrees to:

        a.   Not contest facts agreed to in this agreement.

2

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not further criminally prosecute defendant for violations of Title 18, United States Code, Section 1709, 1708, and 1703 arising out of defendant's conduct described in the agreed-to factual basis set forth in paragraph 10 below.  Defendant understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement.  Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

NATURE OF THE OFFENSE

4.   Defendant understands that for defendant to be guilty of the crime charged in the single-count information, that is, Obstruction of the Mails, in violation of Title 18, United States Code, Section 1701, the following must be true: (1) defendant obstructed or retarded the passage of the mail; and (2) defendant acted knowingly and willfully.

PENALTIES

5.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1701, is: six months' imprisonment or a five-year term

3

of probation; a fine of $5,000; and a mandatory special assessment of $10.

6.   Defendant understands that probation is period of time imposed in lieu of imprisonment during which defendant will be subject to various terms and conditions, including restrictions and requirements.  Defendant understands that if she violates a condition of probation at any time prior to the expiration or termination of the term of probation, the Court may continue her on probation, with or without extending the term or modifying or enlarging the conditions, or revoke the sentence of probation and resentence defendant to any sentence up to the statutory maximum, including imprisonment, for the offense of conviction.

7.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a

professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9.    Defendant understands that, if defendant is not a United States citizen, the misdemeanor conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the misdemeanor conviction in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

10.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge set forth in the single-count information, but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On or about December 21, 2022, in Los Angeles, California, within the Central District of California, defendant, an employee of the United States Postal Service ("USPS"), knowingly and willfully obstructed and retarded the passage of the mail. Specifically, on that date and while on duty as a mail handler for the USPS, defendant stole a $10 Target gift card that was

contained in the United States mail and removed the gift card

from the United States mail without it being delivered.

Defendant then used the stolen gift card at a Target store in

Cerritos, California on or about January 15, 2023.  In total,

while on duty for the USPS, defendant stole at least four gift

cards from the mail with a combined value of at least $105.

SENTENCING FACTORS

11.  Defendant understands that the Sentencing Guidelines do not

apply in determining defendant's sentence because the crime to which

defendant is pleading guilty is a Class B misdemeanor.  Defendant

also understands that the Court is required to consider the

sentencing factors set forth in 18 U.S.C. § 3553(a) and that after

considering the § 3553(a) factors, the Court will be free to exercise

its discretion to impose any sentence it finds appropriate up to the

maximum set by statute for the crime of conviction.

WAIVER OF CONSTITUTIONAL RIGHTS

12.  Defendant understands that by pleading guilty, defendant

gives up the following rights:

     a.   The right to persist in a plea of not guilty.

     b.   The right to a speedy and public trial by jury.

     c.   The right to be represented by counsel -- and if

necessary have the Court appoint counsel -- at trial.  Defendant

understands, however, that, defendant retains the right to be

represented by counsel -- and if necessary have the Court appoint

counsel -- at every other stage of the proceeding.

     d.   The right to be presumed innocent and to have the

burden of proof placed on the government to prove defendant guilty

beyond a reasonable doubt.

e.    The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

13.    Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

14.    Defendant agrees that, provided the Court imposes a sentence at or below the statutory maximum, defendant gives up the right to appeal any portion of the sentence.

15.    Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective

assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable sentencing statutes or statutes of conviction.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

16.  The USAO agrees that, provided all portions of the sentence are at or below the statutory maximum specified above, the USAO gives up its right to appeal any portion of the sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

17.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

1              EFFECTIVE DATE OF AGREEMENT

2        18.  This agreement is effective upon signature and execution of

3   all required certifications by defendant, defendant's counsel, and an

4   Assistant United States Attorney.

5                BREACH OF AGREEMENT

6        19.  Defendant agrees that if defendant, at any time after the

7   effective date of this agreement, knowingly violates or fails to

8   perform any of defendant's obligations under this agreement ("a

9   breach"), the USAO may declare this agreement breached.  All of

10  defendant's obligations are material, a single breach of this

11  agreement is sufficient for the USAO to declare a breach, and

12  defendant shall not be deemed to have cured a breach without the

13  express agreement of the USAO in writing.  If the USAO declares this

14  agreement breached, and the Court finds such a breach to have

15  occurred, then: ((a) if defendant has previously entered a guilty

16  plea pursuant to this agreement, defendant will not be able to

17  withdraw the guilty plea, and (b) the USAO will be relieved of all

18  its obligations under this agreement.

19       20.  Following the Court's finding of a knowing breach of this

20  agreement by defendant, should the USAO choose to pursue any charge

21  that was either dismissed or not filed as a result of this agreement,

22  then:

23            a.   Defendant agrees that any applicable statute of

24  limitations is tolled between the date of defendant's signing of this

25  agreement and the filing commencing any such action.

26            b.   Defendant waives and gives up all defenses based on

27  the statute of limitations, any claim of pre-indictment delay, or any

28  speedy trial claim with respect to any such action, except to the

extent that such defenses existed as of the date of defendant's signing this agreement.

c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

<u>OFFICE NOT PARTIES</u>

21. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

22. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, and (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that

1  factual information may be viewed as inconsistent with the facts

2  agreed to in this agreement, this paragraph does not affect

3  defendant's and the USAO's obligations not to contest the facts

4  agreed to in this agreement.

5      23.  Defendant understands that even if the Court ignores any

6  sentencing recommendation, finds facts or reaches conclusions

7  different from those agreed to, and/or imposes any sentence up to the

8  maximum established by statute, defendant cannot, for that reason,

9  withdraw defendant's guilty plea, and defendant will remain bound to

10  fulfill all defendant's obligations under this agreement.  Defendant

11  understands that no one -- not the prosecutor, defendant's attorney,

12  or the Court -- can make a binding prediction or promise regarding

13  the sentence defendant will receive, except that it will be within

14  the statutory maximum.

15                          NO ADDITIONAL AGREEMENTS

16      24.  Defendant understands that, except as set forth herein,

17  there are no promises, understandings, or agreements between the USAO

18  and defendant or defendant's attorney, and that no additional

19  promise, understanding, or agreement may be entered into unless in a

20  writing signed by all parties or on the record in court.

21  ///

22  ///

23  ///

1        PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2        25.   The parties agree that this agreement will be considered

3   part of the record of defendant's guilty plea hearing as if the

4   entire agreement had been read into the record of the proceeding.

5   AGREED AND ACCEPTED

6   UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
7   CALIFORNIA

8   E. MARTIN ESTRADA
    United States Attorney

9

10  _____          1/25/2024
                                               _____
    K. AFIA BONDERO                            Date
11  Assistant United States Attorney

12  | Tenaj taylor                            01/21/2024
    _____          _____
    TENAJ TAYLOR                               Date
13  Defendant

14  _____          1/21/04
                                               _____
    NADINE HETTLE                              Date
15  Attorney for Defendant TENAJ TAYLOR

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    12

1        <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2        25.   The parties agree that this agreement will be considered

3   part of the record of defendant's guilty plea hearing as if the

4   entire agreement had been read into the record of the proceeding.

5   AGREED AND ACCEPTED

6   UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
7   CALIFORNIA

8   E. MARTIN ESTRADA
    United States Attorney

9

10  _____        _____
    K. AFIA BONDERO                        Date
11  Assistant United States Attorney

12                                         01/21/2024
    _____        _____
13  TENAJ TAYLOR                           Date
    Defendant

14  _____        _____
15  NADINE HETTLE                          Date
    Attorney for Defendant TENAJ TAYLOR

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    12

1

<u>CERTIFICATION OF DEFENDANT</u>

2       I have read this agreement in its entirety.  I have had enough

3   time to review and consider this agreement, and I have carefully and

4   thoroughly discussed every part of it with my attorney.  I understand

5   the terms of this agreement, and I voluntarily agree to those terms.

6   I have discussed the evidence with my attorney, and my attorney has

7   advised me of my rights, of possible pretrial motions that might be

8   filed, of possible defenses that might be asserted either prior to or

9   at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

10  of any relevant Sentencing Guidelines provisions, and of the

11  consequences of entering into this agreement.  No promises,

12  inducements, or representations of any kind have been made to me

13  other than those contained in this agreement.  No one has threatened

14  or forced me in any way to enter into this agreement.  I am satisfied

15  with the representation of my attorney in this matter, and I am

16  pleading guilty because I am guilty of the charge and wish to take

17  advantage of the promises set forth in this agreement, and not for

18  any other reason.

19  _____     ___1/21/2024_____

20  TENAJ TAYLOR                         Date
    Defendant

21

22

23

24

25

26

27

28

13

1              <u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

2      I am TENAJ TAYLOR's attorney.  I have carefully and thoroughly

3  discussed every part of this agreement with my client.  Further, I

4  have fully advised my client of her rights, of possible pretrial

5  motions that might be filed, of possible defenses that might be

6  asserted either prior to or at trial, of the sentencing factors set

7  forth in 18 U.S.C. § 3553(a), of any relevant Sentencing Guidelines

8  provisions, and of the consequences of entering into this agreement.

9  To my knowledge: no promises, inducements, or representations of any

10  kind have been made to my client other than those contained in this

11  agreement; no one has threatened or forced my client in any way to

12  enter into this agreement; my client's decision to enter into this

13  agreement is an informed and voluntary one; and the factual basis set

14  forth in this agreement is sufficient to support my client's entry of

15  a guilty plea pursuant to this agreement.

16     _Nadene Hettle_         _1/21/04_

17  NADINE HETTLE             Date

     Attorney for Defendant TENAJ TAYLOR

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. |
|---|---|
|       Plaintiff, | I N F O R M A T I O N |
|       v. | [18 U.S.C. § 1701: Obstruction of Mails] |
| TENAJ TAYLOR, | **[CLASS B MISDEMEANOR]** |
|       Defendant. | |

The United States Attorney charges:

[18 U.S.C. § 1701]

On or about December 21, 2022, in Los Angeles County, within the Central District of California, defendant TENAJ TAYLOR knowingly and willfully obstructed and retarded the passage of mail, in that defendant TAYLOR obtained a $10 Target gift card that was contained

\\

\\

\\

1  in the United States mail and removed the gift card from the United

2  States mail without it being delivered.

3

4                                    E. MARTIN ESTRADA
                                     United States Attorney
5
                                     MACK E. JENKINS
6                                    Assistant United States Attorney
                                     Chief, Criminal Division
7

8
                                     SCOTT M. GARRINGER
9                                    Assistant United States Attorney
                                     Deputy Chief, Criminal Division
10
                                     IAN V. YANNIELLO
11                                   Assistant United States Attorney
                                     Deputy Chief, General Crimes
12                                   Section

13                                   K. AFIA BONDERO
                                     Assistant United States Attorney
14                                   General Crimes Section

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I, **Mercedes Romero**, declare:

That I am a citizen of the United States and a resident of or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of 18; and that I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

**PLEA AGREEMENT FOR DEFENDANT TENAJ TAYLOR**

☐ Placed in a closed envelope for collection and inter-office delivery, addressed as follows:

☒ Placed in a sealed envelope for collection and mailing via United States mail, addressed as follows:

**TENAJ TAYLOR
c/o Nadine Hettle
Federal Public Defender
321 E. 2nd St.
Los Angeles, CA 90012**

This Certificate is executed on **February 9, 2024**, at Los Angeles, California.  I certify under penalty of perjury that the foregoing is true and correct.

_____
Mercedes Romero
Legal Assistant